

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2008

# You v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4213

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"You v. Atty Gen USA" (2008). *2008 Decisions*. Paper 801.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/801

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4213
_____

QIU YUN YOU,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-349-810)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 23, 2008
Before: FUENTES, ALDISERT and GARTH, Circuit Judges

(Opinion filed: July 24, 2008)
_____

OPINION
_____

PER CURIAM

        Qiu Yun You petitions for review of a final order of removal issued by the Board

of Immigration Appeals ("BIA").  We will deny her petition.

I.

You, a native and citizen of the People's Republic of China, entered the United States in August 2004 without being admitted or paroled after inspection. Following service of the notice to appear, You sought asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In essence, she alleged past persecution, and a fear of persecution in the future, on account of her actual or imputed political opinion arising out of the refusal to give into the corrupt conduct of government officials.

In July 2004, You was working at her parents' restaurant in Changle City, Fujian Province. According to You, a health inspector, who was dining at the restaurant with a tax official, informed her that the tax official needed money for his business and accordingly sought a payment of 30,000 RMB. Believing that this was an extortion attempt, You refused to pay and called the police. But the police instead accused her of making an accusation without proof and interfering with official business. The health inspector came to the restaurant the following day holding up two dead roaches and purported to assess a fine of 10,000 RMB. Although the fine was paid, individuals subsequently poured an unidentified liquid over vegetables purchased for the restaurant. The health inspector and a police officer accordingly checked the food and claimed to find some kind of narcotic substance. You was arrested and mistreated in a detention center for a period of three days before her parents obtained her release by paying 30,000 RMB. Upon her release, a detention center employee threatened to find additional

2

reasons to send her back to the center if she refused to become his girlfriend. You then left China, although she also claimed that government officials and police continued to harass her parents and sought her arrest.

The Immigration Judge ("IJ") denied the application for asylum and withholding of removal based on two separate grounds: (1) an adverse credibility determination against You herself; and (2) the finding that the misconduct described by You did not occur on account of political opinion or any other protected ground specified by the governing law. The IJ further rejected her CAT claim based on the credibility determination and because she failed to convince him of the likelihood that she would be tortured if returned to China. The BIA dismissed You's administrative appeal. It expressly agreed with the IJ's determination that You failed to establish persecution on account of political opinion or another protected ground. The BIA also concluded that she failed to establish eligibility for relief under the CAT. You filed a timely petition for review with this Court.

## II.

We have jurisdiction over this matter pursuant to 8 U.S.C. § 1252. Because the BIA essentially agreed with the findings made by the IJ and then added its own brief discussion, we review both the BIA's order as well as the IJ's decision. See, e.g., Jarbough v. Attorney General, 483 F.3d 184, 191 (3d Cir. 2007). We consider the administrative findings of fact under the substantial evidence standard. See, e.g., id.

After reviewing the parties' briefs as well as the record, we conclude that the administrative determinations here are supported by substantial evidence in the record. Accordingly, the BIA and the IJ properly denied You's requests for asylum, withholding of removal, and CAT relief.

Initially, You's brief in support of her review petition emphasizes the IJ's adverse credibility determination. She specifically argues that the IJ abused his discretion in making the credibility determination against her and that the determination itself is factually unsupported. Nevertheless, the BIA actually found it "unnecessary to address" the IJ's adverse credibility determination. (AR000003.) Instead, it agreed with the IJ that, even if the evidence were considered credible, she still did not meet her burden of proof as to the requested relief. Therefore, as the government points out, the IJ's credibility determination is not before this Court, and we need not address the credibility issues raised by You in the current proceedings. See, e.g., Jarbough, 483 F.3d at 191 ("But the BIA did not explicitly adopt the IJ's credibility finding, so that portion of her decision is not before us." (citation omitted)).

To show eligibility for asylum, an applicant must demonstrate either past persecution or a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The BIA concurred with the IJ's finding that You failed to establish persecution on account of actual or imputed political opinion or any other ground

4

protected by the statute. While You claimed that she was treated inhumanely because "she reported a government official's attempt to extort money from her family's restaurant to a police officer," the BIA expressly agreed with the IJ's determination that "there is insufficient testimonial and documentary evidence linking the alleged persecution to the respondent's actual or imputed political opinion." (AR000002-AR000003.) According to the BIA, case law has recognized that "retaliation for exposing government corruption" may constitute persecution based on political opinion in certain circumstances. (AR000003 (citing Cao v. Attorney General, 407 F.3d 146, 153 (3d Cir. 2005).) You, however, does not discuss or even cite this case law in her brief. Under the present circumstances, the BIA appropriately distinguished the prior cases on the ground that You herself "never publicized her suspicion about the corruption or informed anyone about it other than the lone police officer." (Id. (citations omitted).) Especially given the absence in You's brief of any challenge to the administrative determination based on specific legal or factual grounds, we conclude that the determination itself is adequately supported by the evidence in the record.

Because she thereby did not establish either past persecution or a fear of future persecution on account of a protected ground for purposes of asylum, the BIA correctly determined that You necessarily failed to meet the higher burden required for withholding of removal. See, e.g., Gomez-Zuluaga v. Attorney General, 527 F.3d 330, 348-49 (3d Cir. 2008). The BIA also held that You "failed to establish that it is more likely than not

5

that she will be tortured in China 'by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" (AR000003 (quoting 8 C.F.R. § 1208.18(a)(1)).)  Under the circumstances, the BIA's finding is supported by substantial evidence.  See, e.g., 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture.")

III.

For the foregoing reasons, we will deny You's petition for review.